UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:15CR15-RLV |
| | ) | |
| v. | ) | |
| | ) | |
| (1) STEVEN W. CHASE | ) | |
| | ) | |

**GOVERNMENT'S NOTICE OF INTENT TO ADMIT EVIDENCE
OF OTHER CRIMES OR ACTS INEXTRICABLY INTERTWINED
WITH CHARGED CONDUCT AND/OR PURSUANT TO FEDERAL
RULES OF EVIDENCE 414 AND 404(b)**

The United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina, hereby gives notice of its intent to offer evidence of certain other crimes or acts committed by the charged defendant that are inextricably intertwined with charged conduct and/or pursuant to Federal Rules of Evidence 414 and 404(b).

**INTRODUCTION**

I. **The Charged Offenses and Prior Acts**

On August 19, 2015, the grand jury for the Western District of North Carolina returned a Second Superseding Bill of Indictment, charging Defendant with seven violations, including engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g), conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1) & (e), advertising child pornography, in violation of 18 U.S.C. § 2251(d)(1), three counts of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and possession of child pornography, in violation of 18 U.S.C. 2252A(a)(5)(B).

This case stems from an investigation into a child pornography website called "Playpen"

1

that was hosted in Lenoir, North Carolina. Defendant was the creator and primary administrator of Playpen. The primary purpose of this website was the advertisement and distribution of child pornography as well as the discussion of matters pertinent to the sexual abuse of children. This website operated from August 2014 to March 2015. On February 23, 2015, the computer server hosting Playpen was seized from the web-hosting facility in Lenoir, North Carolina. Before and after its seizure by law enforcement, law enforcement agents viewed, examined, and documented the contents of the website. At the time of his arrest in February 2015, Defendant had made 244 posts to the board, many of which included child pornography.

During the investigation into the offenses, law enforcement executed a search warrant at Defendant's residence in Florida on February 20, 2015. Defendant was home at the time of the execution. When agents first entered Defendant's home, they observed a laptop logged on to Playpen under the administrator's account. Two text files were also opened on the laptop. The text files contained, among other things, various usernames and passwords associated with Playpen. Law enforcement seized several items, including the laptop, a thumb drive and a cell phone.

A forensic examination of the items seized from Defendant's residence located numerous files that contained child pornography.[1] Forensic examiners located backup copies of Playpen and text files with information related to the accounts associated with the operation of the website. The examination located internet searches for terms and sites relevant to charged conduct.

## ARGUMENT

### I. THE EVIDENCE IS ADMISSIBLE BECAUSE IT IS INTRINSIC TO THE CHARGED CRIMES.

---

[1] All of the images and videos, charged and uncharged, have been made available for review by Defendant through his counsel on a forensic copies of items which are maintained by the government and FBI.

2

The government submits that all of the evidence referenced above is proof of Defendant's involvement in the charged conduct, provides background and context to the crimes charged in the indictment, and will serve to complete the story for the jury. The Fourth Circuit has held that "acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). "Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, of if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." *United States v. Siegal*, 536 F.3d 306, 316 (4th Cir. 2008)(quoting *United States v. Kennedy,* 32 F.3d 876, 885 (4th Cir. 1994)). In a situation where evidence is present that conforms to this standard, a Rule 404(b) analysis not necessary because such evidence is direct evidence of the charged crimes. Its admission is only dependent upon meeting the same evidentiary standards as any other evidence, and such evidence is still subject to a Federal Rule of Evidence 403 balancing test. *See United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). Those pertinent standards are easily met in this case, under any theory of admissibility.

Evidence relevant to Defendant's role as administrator of the website, to include all videos and images of child pornography located in Defendant's residence, is res gestae evidence. The images and videos are overwhelming the same exact same images and videos that were on Playpen. The backup copies of websites include copies of the conduct underlying Defendant's charges. These copies, along with the text files and web searches demonstrate Defendant's particular role as administrator of Playpen.

Clearly, the aforementioned evidence demonstrates Defendant's involvement in the charged conduct, provides background and context to the crimes charged in the Indictment, forms an integral and natural part of the account of the offenses, and completes the narrative of the

3

crime.  The government expects the story of Defendant's role in the website will include a description of the seizure and forensic analysis of Defendant's computers and digital media, during which the examiner logically searched for links to Playpen and the accounts used to maintain the website as well as images and videos depicting minors engaging in sexually explicit conduct.  The examiner's search for and recovery of images and videos depicting minors engaging in sexually explicit conduct completes the story of Defendant's identification and apprehension.  Indeed, to omit those facts would leave the jury without a complete picture of the crime, and leave the jury with the potentially misleading impression that the Defendant did not possess the sort of materials that were advertised and distributed via the website.

The evidence the government seeks to admit is inextricably intertwined with the charged conduct.  Introduction of this evidence is necessary to provide the jury with a complete and truthful account of the crimes on trial.  Insofar as such evidence is inextricably intertwined with the crimes charged, it is direct evidence of the charged crime and does not implicate Rule 404(b).

## II. EVIDENCE OF DEFENDANT'S OTHER ACTS ARE ALSO ADMISSIBLE PURSUANT TO FED. R. EVID. 414.

Even if the Court finds that evidence of uncharged conduct, including the uncharged possession of images/videos depicting minors engaging in sexually explicit conduct is not inextricably intertwined with evidence of the charged crimes, the evidence is nonetheless admissible pursuant to Rule 414 of the Federal Rules of Evidence.  Rule 414 reads in pertinent part:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

Fed. R. Evid. 414(a).  Evidence is admissible under Federal Rule of Evidence 414 if (1) the defendant is accused of an offense of child molestation; (2) the evidence proffered pertains to the

4

defendant's commission of another act of child molestation; and (3) the evidence is relevant. *United States v. Stamper*, 106 Fed. Appx. 833, 835 (4th Cir. 2004). In addition, the probative value of the evidence must not be substantially outweighed by the risk of undue prejudice, confusion, or undue delay. *Id.* Unlike Fed. R. Evid. 404(b), Rule 414 allows the admission of evidence for the purpose of establishing propensity to commit other sexual offenses. *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007).

### A. The Defendant is Accused of An Offense of Child Molestation and the Evidence of His Other Acts Involving Child Pornography Pertain to His Commission of Another Offense of Child Molestation.

Under Fed. R. Evid. 414, child molestation includes any conduct prohibited by 18 U.S.C. Chapter 110, including attempts and conspiracies. Fed. R. Evid. 414(d)(2)(B) and (F). In this case, Defendant is charged with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g), conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1) & (e), advertising child pornography, in violation of 18 U.S.C. § 2251(d)(1), three counts of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and possession of child pornography, in violation of 18 U.S.C. 2252A(a)(5)(B). These crimes are contained in Chapter 110 of Title 18 of the U.S. Code. *See* 18 U.S.C. §§ 2251 and 2252A. Thus, the Defendant is accused of an offense of child molestation. Possession of images and videos depicting minors engaging in sexually explicit conduct is also an "offense of child molestation" criminalized by Chapter 110 of Title 18 of the U.S. Code. Accordingly, such evidence is admissible "on any matter to which it is relevant." Fed. R. Evid. 414.

### B. Evidence of Defendant's Other Acts Are Relevant.

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Rule 414 reflects Congress's view that propensity evidence of other sexual offenses is usually relevant and probative. *Kelly*,

5

510 F.3d at 437. The members of Playpen committed their crimes anonymously under the guise of "screen names." The United States bears the burden of proving that the defendant knowingly and intentionally committed the charged crimes, while acting under his screen name on Playpen. Evidence that Defendant possessed images and videos depicting minors engaging in sexually explicit conduct is highly probative of his identity as the charged perpetrator, knowledge of the charged conspiracy, extent of that conspiracy, knowing and intentional engagement in criminal activity, and their ability and opportunity to commit the charged crimes. "In prosecutions for possessing or receiving child pornography evidence that a defendant has engaged in child molestation in the past is admissible as evidence that he is more likely to have committed the offense charged." *United States v. Carino*, 368 Fed.Appx. 929, 929-930 (11th Cir. Mar. 11, 2010).

In addition to identifying Defendant, the evidence is also relevant in that it goes to Defendant's knowledge and intent as further described below.

### C. The Probative Value of the Evidence is Not Substantially Outweighed by Any Prejudice, Confusion, or Undue Delay

Evidence admitted under Rule 414 is subject to Rule 403's balancing test. *Kelly*, 510 F.3d at 437. Thus, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice to the defendant. *Id.* In applying the Rule 403 balancing test to prior offenses under Rule 414, the court should consider factors including but not limited to: (1) the similarity between the previous offense and the charged crime, (2) the temporal proximity between the two crimes, (3) the frequency of the prior acts, (4) the presence or absence of any intervening acts, and (5) the reliability of the evidence of the past offense. *Id.* at 437-38.

The other acts and the charged crime in this case are very similar. The acts involve the sexual exploitation of children and are even violations of the exact same federal statute. Many of

6

Case 5:15-cr-00015-RLV-DCK   Document 81   Filed 08/29/16   Page 6 of 14

the images and videos are the exact same as the images and videos charged.  The images and videos were possessed during the same time period as the charged offenses.

These acts are much more similar to each other than those that were upheld as admissible in *United States v Mason.*  532 Fed. App'x 432 (4th Cir. 2013) cert. denied, 134 S. Ct. 659, 187 L. Ed. 2d 436 (U.S. 2013)(unpublished).  In *Mason*, the defendant was charged with transportation, receipt and possession of child pornography.  The Fourth Circuit upheld the admission of evidence showing that the defendant had repeatedly sexually molested two boys age 9 and 11 under Rules 414 and 403.  *Id.* The Fourth Circuit stated that these acts were similar in that they both involved the exploitation of children. *Id.*

In *Kelly*, the court found that the similarity between the prior conviction and the charged offense was striking where the prior conviction was for attempted rape of a twelve-year-old child and the charged offense was for traveling in interstate commerce to engage in illicit sexual conduct with a twelve-year-old.  510 F.3d at 437.  Like the evidence in *Kelly,* the evidence that the government plans to introduce almost exactly parallels the charged offenses.

Next, the temporal proximity between the two crimes, the frequency of the prior acts and the presence of intervening acts also support the admission of the evidence.  In this case, the other acts occurred contemporaneously to the charged offenses.   The Fourth Circuit has upheld the admission of much older evidence.  *See, Kelly*, *Id.*  (noting that the fact that the prior conviction was twenty- two years prior to the crimes charged did not alone render the conviction admissible given the similarity in the offenses); *United States v. Mason,* 532 F. App'x 432 (4th Cir. 2013)(unpublished*)* (upholding the admission of prior child molestation acts that occurred 12 years prior to the instant offense); *United States v. Rice,* 347 Fed. Appx. 904 (2009)(unpublished) (affirming the admission of child molestation activity that occurred between ten and eighteen years prior to the instant offense).  There are no intervening events.

7

Defendant's other acts were ongoing. These factors, coupled with the striking similarity between the acts, clearly support the admission of the evidence.

Finally, the evidence that the government seeks to admit is very reliable. First, the images and videos depict many of the same victims, which the jury will be able to compare to the other images and videos. The images and videos are even depicted in the same manner since they are back up copies of the Playpen website saved at various times. The other images and videos were located in Defendant's residence when Defendant was in the home. A forensic copy of the digital media has been made available to counsel for Defendant prior to the trial.

Propensity evidence "has indisputable probative value." *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998). Any prejudice in admitting evidence of Defendant's other acts of possessing and is due to its high probative value. But that does not mean it is unfairly prejudicial. *See Kelly*, 510 F.3d at 438 (holding that admission of a prior conviction for attempted rape of a twelve-year-old child in prosecution for traveling in interstate commerce to engage in illicit sexual conduct with a twelve-year-old was not unfairly prejudicial merely because it tended to prove defendant's propensity to molest young children)*; Rice*, 347 Fed. Appx 904 (4th Cir. 2009)(unpublished)(Evidence that tends to prove that the defendant has a deviant sexual attraction towards children is not unfairly prejudicial.) Therefore, the probative value of the evidence of Defendant's conviction is not substantially outweighed by any unfair prejudice or confusion.

### III. EVIDENCE OF DEFENDANT'S PRIOR ACTS ARE ADMISSIBLE UNDER RULE 404(b) TO PROVE INTENT, KNOWLEDGE, IDENTITY, PLAN, MOTIVE, AND ABSENCE OF MISTAKE OR ACCIDENT

Given that Rule 414 essentially "supersedes" Rule 404(b)'s treatment of other acts, a Rule 404(b) analysis is probably unnecessary in this case with regards to the other child pornography. *See United States v. Stamper*, 106 Fed.Appx. 833, 835 (4thCir. 2004)(unpublished)

However, as Federal Rule of Evidence 404(b) allows the admission of evidence of crimes, wrongs, or other acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, it offers a valid alternative basis for the admission of the other acts evidence. Additionally, the government seeks to admit other evidence located during the forensic analysis of Defendant's computer and digital media.

The evidence described above that the government seeks to admit is admissible under Rule 404(b). Evidence of prior acts is admissible under Rule 404(b) if (1) the evidence is relevant to an issue and not offered to establish the general character of the defendant, (2) the prior act is necessary in that it is probative of an essential claim or an element of the offense, (3) the evidence is reliable, and (4) the probative value of the evidence is not substantially outweighed by confusion or unfair prejudice. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

### A. Evidence of Defendant's Prior Acts is Relevant to Show Intent, Plan Knowledge, Identity, Motive, and Absence of Mistake or Accident

Under the first prong for Rule 404(b) evidence admissibility, the evidence must be relevant to an issue such as an element of the offense. *Queen*, 132 F.3d at 997. Evidence is relevant if it has any tendency to make a fact of consequence to an issue in the case more or less probable than without the evidence. *Id.* at 994. The more similar the prior act is to the act currently charged, the more relevant the evidence of the prior act will be. *Id.* at 997.

Defendant's conduct of possession of child pornography and use of his computer and digital media to store and seek out information related to the Playpen website is relevant to the issues of intent, plan, knowledge, identity, motive, and absence of mistake or accident. *See, United States v. Whorley*, 550 F.3d 326, 338 (4th Cir. 2008) (holding that evidence of the defendant's prior conviction for receiving child pornography and terms of his probation was

9

properly admitted to prove the defendant's knowledge and lack of accident or mistake in downloading child pornography and sending or receiving obscene emails). As described above, his prior acts are very similar to the current charged acts. Both the charged offense and the other acts involve possessing child pornography and a specific website, Playpen. All the evidence that the government seeks to introduce was located in Defendant's residence and on items that belong to Defendant. Finally, all the evidence the government seeks to introduce occurred the same time period as the charged offense.

Evidence of Defendant's prior acts is relevant to show his intent and motive in being the administrator of Playpen. Evidence of the other acts shows that Defendant has a sexual interest in children, and maintained documents and conducted searches relevant to administering a website dedicated to child pornography. All this evidence makes it more probable than not that he intended to and did knowingly advertise, transport and possess child pornography as well as conspire with others to engage in other child exploitation offenses. *See, United States v. Sebolt*, 460 F.3d 910, 916-17 (7th Cir. 2006) (holding prior instances of sexual misconduct with a child victim may establish the defendant's sexual interest in children which is relevant motive in a prosecution for child exploitation). Such a person is more likely to create, administer and knowingly possess a child pornography website knowingly and intentionally and not by mistake or accident. Thus, the prior conviction is sufficiently similar in nature to the charged offenses.

All the evidence is also relevant to proving identity. As described above, users of the websites operated under screen names. The evidence the United States seeks to admit not only helps prove that Defendant was the user "Playpen" but that he administered and maintained the website.

Therefore, evidence of Defendant's prior acts is relevant to an issue other than the

10

Defendant's character because it makes Defendant's intent, knowledge, identity, plan, motive, and absence of mistake or accident in engaging in the charged child exploitation offenses more probable.

### B. Evidence of Defendant's Prior Acts is Necessary Because it is Probative of An Element of the Crime

Evidence is necessary where, considered in light of other evidence available to the government, it is an essential part of the crime on trial or where it furnishes part of the context of the crime. *Queen*, 132 F.3d at 998. First the government has to prove that Defendant was the user that committed the crimes described above. Because the users of the website operated anonymously under a screen name, the evidence is necessary to show the identity of a particular user of the website. Additionally, the government has the burden of proving that Defendant knowingly committed the charged offenses and that the offense was not the result of mistake or accident. Thus, evidence of the Defendant's prior acts is probative of an essential element of the charged crime. *See Whorley*, 550 F.3d at 338 (upholding admission of prior conviction for receipt of child pornography and terms of probation under Rule 404(b) in prosecution for knowing receipt of child pornography because it showed lack of accident or mistake).

### C. The Evidence of Defendant's Prior Acts is Reliable

If the evidence is "sufficient to allow the jury to 'reasonably conclude that the act occurred and that the defendant was the actor, then it is reliable'." *United States v. Van Metre*, 150 F.3d 339, 350 (4th Cir. 1998)(citations omitted). Evidence is reliable for purposes of Rule 404(b) unless it is so outrageous that it could not be believed by a rational juror that was properly instructed. *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008). Here, as described above, the evidence is reliable. The investigators and computer forensic examiner will be subject to cross examination. All of the evidence was located on Defendant's computer and depict many of

11

the same images and videos located on the server in Lenoir, North Carolina. Thus, a jury could reasonably conclude that the act occurred and that the evidence links Defendant to the website. Therefore, evidence of Defendant's prior acts is sufficiently reliable.

> D. **<u>The Probative Value of the Evidence is Not Substantially Outweighed by Any Confusion or Unfair Prejudice</u>**

The probative value of the evidence of the prior act must not be substantially outweighed by confusion or unfair prejudice in that it tends to make reason secondary to emotion in the fact finding process. *Queen*, 132 F.3d at 997. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Naranjo,* 710 F.2d 1465, 1469 (10th Cir. 1983). In the instant case, evidence of Defendant's other acts involving child pornography is highly probative to show that he knowingly committed the charged crimes, what his intent was, and that it was not a mistake or accident. There is no suggestion that the evidence of Defendant's other acts would invoke emotion in the place of reason or that it would tend to cause confusion with respect to the currently charged offenses.

In this case, the jury will be required to view images of a child being sexually abused, and will have to hear testimony about the visual depictions for the government to prove its case, even without the other acts evidence. The other acts evidence is no worse than the charged images and, in some instances, less egregious. Thus, in this context, the admission of the other acts evidence will not materially alter the level of prejudice but will be of significant probative value as described above.

Moreover, any possible confusion or prejudice can be eliminated by a limiting jury instruction, if requested, explaining the purpose for admitting the evidence of the other act. *See Queen*, 132 F.3d at 997 (noting that additional protection against the pitfalls Rule 404(b) protects

12

against may be provided by a limiting jury instruction when requested explaining the purpose of the evidence and advance notice of the intent to introduce such evidence). Thus, the probative value of the evidence is not substantially outweighed by any confusion or unfair prejudice.

**CONCLUSION**

Proving Defendant's state of mind, knowledge, intent, motive, lack of mistake or accident, and identity in committing the crimes charged are critical to the quest for truth in this case. Accordingly, the United States files notice in advance of trial of the general nature of evidence the United States will offer of other acts. For the foregoing reasons, the United States respectfully requests that the Court permit the United States to introduce the proffered evidence.

**RESPECTFULLY SUBMITTED**, this the 29th day of August, 2016.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

s/ Cortney S. Randall
Assistant United States Attorney
NC Bar Number: 31510
Attorney for the United States
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.344.6222
Fax: 704.344.6629
E-mail: cortney.randall@usdoj.gov

s/ Reginald E. Jones
Trial Attorney
Mississippi Bar Number MS102806
Attorney for the United States
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section
Telephone: 202.616.2807
Reginald.Jones4@usdoj.gov

13

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this day, August 29, 2016, the foregoing was duly served upon counsel for the defendant by electronic means via the Court's ECF system to:

Peter Adolf
Attorney for Defendant
Peter_Adolf@fd.org

    s/ Cortney S. Randall
    Assistant United States Attorney
    NC Bar Number: 31510
    Attorney for the United States
    United States Attorney's Office
    227 West Trade Street, Suite 1650
    Charlotte, North Carolina 28202
    Telephone: 704.344.6222
    Fax: 704.344.6629
    E-mail: cortney.randall@usdoj.gov

    s/ Reginald E. Jones
    Trial Attorney
    Mississippi Bar Number MS102806
    Attorney for the United States
    U.S. Department of Justice, Criminal Division
    Child Exploitation and Obscenity Section
    Telephone: 202.616.2807
    Reginald.Jones4@usdoj.gov